IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OTHA DAVID RUTLEDGE, Jr., <br><br> Petitioner <br><br> VS. <br><br> JAMES E. DONALD, <br><br> Respondent | NO.  5:08-CV-346 (CAR) <br><br> **PROCEEDINGS UNDER 28 U.S.C. § 2254** <br> **BEFORE THE U.S. MAGISTRATE JUDGE** |

# RECOMMENDATION TO DISMISS

Before the court is James E. Donald's motion seeking dismissal of the instant habeas corpus petition.  Tab #11.  In his brief in support of the motion, respondent Donald avers that petitioner Otha David Rutledge, Jr. has failed to exhaust his state remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982).  Petitioner Rutledge has responded to the respondent's motion.  Tab #19.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing **Ex Parte Royall***, 117 U.S. 24l (1886)).  This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court.  It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts.  "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

With the exception of the petitioner's assertion that he sought post conviction review via an unsuccessful motion for an out of time appeal filed in the trial court, there is no indication whatsoever that petitioner Rutledge has attempted to access or exhaust any state post conviction remedy.  In his response to the respondent motion seeking dismissal, petitioner Rutledge does not dispute respondent's assertion but instead argues that his claims should be reviewed on the merits despite his failure to exhaust.  His unsupported argument is not convincing.  Because it is clear that petitioner Rutledge has not availed himself of any state remedies, some of which are still available to him, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that Rutledge's petition be **DISMISSED** *without prejudice* to his right to refile once he has exhausted his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 9th day of JUNE, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE